# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-23643-Civ-TORRES

ASPEN AMERICAN INSURANCE COMPANY,

    Plaintiff,

v.

DEBORAH WYNN AND JAMES BAKER,

    Defendants/Third Party Plaintiffs,

v.

THE RISK MANAGEMENT GROUP, INC.

    Third Party Defendant.

_____/

## ORDER ON RISK MANAGEMENT'S MOTION TO DISMISS

This matter is before the Court on the Risk Management Group, Inc.'s ("Risk Management") motion to dismiss Deborah Wynn's and James Baker's ("Defendants") third-party complaint. [D.E. 28]. Defendants responded to the motion on December 28, 2020 [D.E. 32] to which Risk Management replied on January 11, 2021. [D.E. 38]. Therefore, Risk Management's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Risk Management's motion to dismiss is **GRANTED**.[1]

---

[1] On July 23, 2020, the parties consented to the jurisdiction of the undersigned Magistrate Judge. [D.E. 15].

1

## *I. BACKGROUND*

In July 2018, Aspen American Insurance Company ("Aspen") issued an insurance policy for the protection of a yacht with Risk Management serving as a dual agent for Aspen and Defendants. [D.E. 22 at ¶ 4]. As part of the insurance process, Aspen requested that Defendants submit a hurricane plan that detailed the steps that Defendants would take to avoid or minimize damages to the yacht in the event of a hurricane. *Id*. at ¶ 7. Defendants submitted their plan to Risk Management who, in turn, submitted it to Aspen. Defendants relied on the advice and expertise of Risk Management.

On September 14, 2018, the yacht sank as a result of damages sustained due to Hurricane Florence. *Id*. at ¶ 12. Defendants served Aspen with timely notice of the loss, but Aspen refused to pay for any part of the claim. *Id*. at ¶ 14. As grounds for denying coverage, Aspen states that Defendants failed to submit a satisfactory hurricane plan and that no coverage exists for any hurricane-related damages. *Id*. at ¶ 15.

On August 30, 2019, Aspen filed this action, seeking a declaratory judgment that no coverage exists under the insurance policy. Defendants subsequently filed a counterclaim, alleging breach of contract for the refusal of coverage. [D.E. 8]. Afterwards, Defendants filed a third party complaint against Risk Management [D.E. 22], alleging that it was negligent in its role as an insurance broker. Defendants allege, among other things, that Risk Management failed to submit and advise on a satisfactory hurricane plan. [D.E. 22 at ¶ 19]. As a remedy, Defendants

seek damages against Risk Management, including pre-judgment interest, reasonable attorney's fees, and costs.

## II. APPLICABLE PRINCIPLES AND LAW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id*.; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2, (2012). The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

### *III. ANALYSIS*

Risk Management seeks to dismiss Defendants' third-party complaint because it violates Rule 14(c)(1), it fails to present a justiciable case or controversy, the negligence claim is not ripe for review, and the pleading otherwise fails to state a claim.[2] There is no need to consider all of the arguments presented because the third-complaint fails in critical respects. We will therefore focus on whether this case is ripe for review and if Defendants have presented a premature claim that is subject to dismissal.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." *Cowan v. Provident Life & Accident Ins. Co.*, 2018 WL 7577756, at *2 (S.D. Fla. Nov. 28, 2018) (quoting *Digital Properties, Inc. v. City of Plantation*, 121 F. 3d 586, 589 (11th Cir. 1997)). "The ripeness doctrine prevent[s]

---

[2] Risk Management also seeks to strike a request for fees, but Defendants agreed to dismiss that claim without prejudice. As a result, there is no need to consider that issue any further.

4

the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta,* 219 F.3d 1301, 1315 (11th Cir. 2000) (quotation marks and citations omitted). To determine whether a claim is ripe, courts must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (quotations marks omitted). That means we "must examine whether there is sufficient injury to meet Article III's requirement of a case or controversy, and if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete to permit effective decision-making by the court." *Georgia Advocacy Office, Inc. v. Camp,* 172 F.3d 1294, 1298–99 (11th Cir. 1999) (quotations marks and citations omitted).

Defendants allege that, while they "believe that there should be coverage for the loss [of their yacht], in the event that this Court determines otherwise, the lack of coverage would have been directly caused by one or more acts and/or omissions[.]" [D.E. 22 ¶ 19]. The problem with this allegation is that "[a] claim against an insurance agent for negligence does not accrue until the underlying action between the insured and the insurance company is final." *Ironshore Indem., Inc. v. Banyon 1030-32, LLC*, 2013 WL 4711155, at *7 (S.D. Fla. Aug. 30, 2013) (citing *Blumberg v. USAA Cas. Ins. Co.,* 790 So. 2d 1061, 1065 (Fla. 2001)).

Defendants say that this case should be treated differently because of Judge Moreno's decision in *Great Lakes Reinsurance (UK) PLC v. Roca*, 2008 WL 11409058, at *2 (S.D. Fla. Dec. 11, 2008). There, Defendants argue, the court

5

considered the same issue and found that dismissing or staying third-party claims against an insurance broker would cause hardship and not further judicial economy:

> Dismissing or staying the third-party claims would surely cause hardship to the Rocas as it would force them to maintain two separate lawsuits in order to achieve one single goal: to recover damages for the stolen boat. Entertaining the third-party claims will not interfere with any administrative action. Finally, the third-party claims are factually intertwined with the declaratory judgment claim; thus, allowing these claims to proceed will also benefit judicial economy by consolidating factually related claims in one action.
> . . .
> We agree with the Rocas that for the purpose of judicial economy all claims should be resolved in one action. The purpose of Fed. R. Civ. P. 14 is to settle all related matters in one action if it can be done without extending federal jurisdiction. *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 712 n.5 (5th Cir. 1970). "The purpose of Rule 14 was to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *U.S. v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954). Federal courts have construed Rule 14 liberally to effectuate its purposes. *See Laughlin v. Dell Fin. Servs., L.P.*, 465 F. Supp. 2d 563, 565 (D.S.C. 2006).

*Id*. at at *2–3 (S.D. Fla. Dec. 11, 2008).

Although this is *one* case that weighs in their favor, Defendants have omitted all the other cases that cut against their position, including a decision that Judge Moreno issued eight years after *Roca*. In the later decision, Judge Moreno reached the opposite conclusion because "the trend in this District has been to dismiss the premature claims against insurance agents without prejudice." *Witkin Design Grp., Inc. v. Travelers Prop. Cas. Co. of Am.*, 2016 WL 1572964, at *3 (S.D. Fla. Apr. 18, 2016) (citing *Evanston Ins. Co. v. Price4Limos, LLC*, D.E. 86 at *4-5 (S.D. Fla. June 11, 2015) (holding that the claims against the insurance agents "are both premature" and "contingent on the outcome of the [underlying] litigation" and

dismissing those claims without prejudice because they "may never ripen"); *Pebb Cleveland, LLC v. Fireman's Fund Ins. Co.*, 2015 WL 328247, at *3 (S.D. Fla. Jan. 23, 2015) (same); *Hernandez v. Infinity Indem. Ins. Co.*, 44 F. Supp. 3d 1220, 1223-24 (S.D. Fla. Sept. 11, 2014) (same); *Ironshore Indem., Inc.*, 2013 WL 4711155, at *8 (same)).

Although Defendants never grapple with the decisions that undercut their position and that support dismissal of their third-party complaint, the reason for this trend is well-understood because, "[l]ike the insureds in the long line of cases dismissing insurance agents as premature, [Defendants] ha[ve] no present claim against [Risk Management]." *Thomas Mach., Inc. v. Everest Nat'l Ins. Co.*, 2020 WL 2616193, at *6 (S.D. Fla. May 22, 2020). In fact, based on the allegations presented, Defendants may never have a claim against Risk Management because any cause of action is entirely contingent on whether Defendants have coverage for their loss under the insurance policy. [D.E. 22 ¶ 19 ("[T]here should be coverage for the loss, [but] in the event that this Court determines otherwise, the lack of coverage would have been directly caused by one or more acts and/or omissions[.]")]. And given that uncertainty, "public policy and judicial economy concerns actually favor dismissal instead of an abatement or stay." *Witkin Design Grp.*, 2016 WL 1572964, at *3. "After all, filing these premature claims 'forces the insurance agent to file a response and prompts the parties to litigate what is the appropriate remedy pending adjudication of the underlying action. This is a waste of the court's and the

parties' resources.'" *Thomas Mach., Inc.*, 2020 WL 2616193, at *6 (citing *Ironshore*, 2013 WL 4711155, at *8).

But even apart from these decisions in the same insurance context, Defendants' position also ignores a decade's worth of binding cases from the Supreme Court reinforcing the importance of ripeness in federal jurisdiction. The key takeaway from this line of cases is that speculative injury, that is based on circumstances that have not yet materialized, cannot satisfy the "concrete, particularized, and imminent" elements required for federal jurisdiction in the first place. *See, e.g., Trump v. New York,* 141 S. Ct. 530, 536 (2020) (reversing district court's summary judgment and permanent injunction premised on injuries dependent on contingent future events; "the present dispute involves the apportionment process, which remains at a preliminary stage. The Government's eventual action will reflect both legal and practical constraints, making any prediction about future injury just that—a prediction."). Here, we can only predict what could happen in the underlying action. The case against Risk Management is thus not ripe.

Accordingly, Risk Management's motion to dismiss is **GRANTED** because "a federal court should not exercise subject matter jurisdiction over claims that are not ripe," and based on these allegations, a claim may never ripen against Risk Management. *Cowan*, 2018 WL 7577756, at *3; *see also Terenzio v. LM Gen. Ins. Co.*, 423 F. Supp. 3d 1354, 1357 (S.D. Fla. 2019) (dismissing a premature claim

without prejudice because "the Court favors the outcome that does not risk running afoul of Article III of the Constitution or the Federal Rules of Civil Procedure.").

## IV. CONCLUSION

For the foregoing reasons, Risk Management's motion to dismiss [D.E. 28] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of February, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge